# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
December 3, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BRUCE PAULEY,**
**Claimant Below, Petitioner**

**vs.)   No. 13-1171**  (BOR Appeal No. 2048352)
(Claim No. 2012001889)

**KINGSTON MINING, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Bruce Pauley, by Reginald D. Henry and Rodney A. Skeens, his attorneys, appeals the decision of the West Virginia Workers' Compensation Board of Review. Kinston Mining, Inc., by Marion E. Ray, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 24, 2013, in which the Board affirmed an April 12, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 28, 2011, decision granting Mr. Pauley a 3% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Pauley worked as a roof bolter for Kingston Mining, Inc. On July 11, 2011, he sustained an injury to his right hip and back while hanging a ventilation curtain underground. The claim was held compensable for lumbar sprain. Mr. Pauley filed an application requesting permanent partial disability.

1

Three independent medical evaluations were performed to determine the amount of permanent impairment that Mr. Pauley sustained. The first evaluation was performed by Prasadarao B. Mukkamala, M.D., who recommended 3% impairment for this compensable injury. The second independent medical evaluation was performed by Bruce A. Guberman, M.D., and he recommended 25% impairment for this injury based primarily on the lumbar fusion and the presence of radiculopathy directly related to the July 11, 2011, injury. The final independent medical evaluation was performed by Marsha Lee Bailey, M.D. She opined that Mr. Pauley had 5% impairment inclusive of all work-related claims and injuries to date involving the lower back. The claims administrator granted Mr. Pauley a 3% permanent partial disability award based on the report of Dr. Mukkamala. The decision noted that Mr. Pauley had previously received an award of 5% for a 2008 injury.

The Office of Judges affirmed the claims administrator's decision and the Board of Review affirmed the Order of the Office of Judges. On appeal, Mr. Pauley disagrees and asserts that the report of Dr. Guberman is more reliable than the reports of Dr. Mukkamala and Dr. Bailey. Mr. Pauley further asserts that Dr. Guberman found he was entitled to an additional 17% permanent partial disability award for a total of 25% permanent impairment. Kingston Mining, Inc., maintains that the reports of Dr. Mukkamala and Dr. Bailey found Mr. Pauley had no clinical evidence of radiculopathy and that the lumbar spine fusion was not required as a result of the compensable injury. Kingston Mining, Inc., further maintains that Dr. Guberman's impairment rating was incorrect because it included the lumbar spine fusion, which is not causally related to the compensable injury. Kingston Mining, Inc., also argues that Dr. Mukkamala and Dr. Bailey found that Mr. Pauley was not entitled to any additional award above the 3% granted in this claim

The Office of Judges considered the three independent medical evaluations performed by Dr. Mukkamala, Dr. Guberman, and Dr. Bailey. Dr. Mukkamala found an 8% whole person impairment for the lumbar spine. He apportioned 3% to this compensable injury and 5% to the 2008 injury. Dr. Guberman found Mr. Pauley has a 25% impairment and apportioned the entire 25% for this injury. Dr. Bailey recommended a 5% impairment for all work-related claims and injuries to date involving the lower back. She further stated that any prior awards should be subtracted from this recommendation. Dr. Bailey and Dr. Mukkamala concluded that the lumbar spine fusion was unrelated to the compensable injury. The Office of Judges found that Dr. Guberman was the only physician to find the surgery to be causally related to the compensable injury of this claim and that his opinion was not supported by the medical evidence. The Office of Judges concluded that the preponderance of the evidence showed no indication that the back surgery was performed due to the compensable injury of this claim and that any impairment for this surgery should not be considered in this claim. The Office of Judges held that the preponderance of the evidence supports the conclusion that Mr. Pauley is entitled to no more than a 3% permanent partial disability award for his lumbar sprain sustained on July 11, 2011.

This Court agrees with the findings of the Office of Judges. Mr. Pauley's only compensable condition is a lumbar sprain. Dr. Guberman was the only physician who found the surgery is causally related to the compensable injury. His opinion was not supported by the medical evidence. Dr. Bailey and Dr. Mukkamala disagreed with Dr. Guberman's findings. Dr.

2

Bailey opined that the surgery treated Mr. Pauley's degenerative disc disease and degenerative joint disease of the lumbar spine that is unrelated to the compensable injury and is part of the normal aging process. Therefore, this Court finds that Mr. Pauley is only entitled to a 3% permanent partial disability award for this compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  December 3, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II